**UNITED STATES DISTRICT COURT**

**Southern District of New York**

| | |
|---|---|
| Susan Skipp (Tittle) | Case Number: |
| Plaintiff | |
| | JUDGE |
| | **DIVERSITY OF JURISDICTION** |
| V | **18CV757** |
| | COMPLAINT FOR |
| Shawn Tittle | 1. **MALICIOUS PROSECUTION** |
| Mary Brigham | 2. **CONSPIRACY TO COMMIT MALICIOUS PROSECUTION** |
| Defendants | 3. **ABUSE OF PROCESS** |
| | 4. **FRAUD** |
| | 5. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| | 6. **LOSS OF CONSORTIUM AND INTERFERENCE WITH PARENTAL RIGHTS AND VISITATION** |
| | 7. **DEFAMATION, LIBEL AND SLANDER** |
| | 8. **MEDICAL MAL PRACTICE** |
| | [DEMAND FOR JURY TRIAL] |

1

1. Plaintiff Susan Skipp (Tittle) alleges against defendants Mary Brigham Esq and Shawn Tittle through 50 (collectively, "Defendants") as follows:

## INTRODUCTION

2. This is an action for Malicious Prosecution, Conspiracy to Commit Malicious Prosecution, Abuse of Process, Fraud, Intentional Infliction of Emotional Distress, Loss of Consortium, and Interference with Parental Rights as a result of Defendants' unjust prosecution and malicious litigation tactics as Legal Counsel to Plaintiff's former husband with regard to post divorce decree custody litigation. Due to the Defendants' egregious and unethical conduct, Plaintiff was forced to expend hundreds of thousands of dollars in legal fees and costs related to defending her rights and the rights of her minor children against Defendants' vexatious litigation, and has suffered additional economic, and emotional damages. Malice on the part of Defendants Brighm and Tittle is present and is inferred from the lack of probable cause to institute the modification of custody proceedings, and the continuation of such proceedings immediately after Plaintiff August 2010- present There was an absence of probable cause for Defendants' initiation and continuation of custody modification actions and illegitimate contempt allegations against Plaintiff , and such absence was at all times known or should have been known to Defendants. Defendants Brigham and Tittle together with her legal corporation, harassed with non-justifiable grounds from August 2010 to the present.  Plaintiff has sustained non-economic damages, including mental pain and suffering from the trauma inflicted and remains without contact with the minor children.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over all causes of action asserted herein under 28 U.S.C. §

2

1367 because all causes of action arise out of conduct undertaken by Defendants which caused injury to Plaintiff in the States Connecticut and New York. Plaintiff has been situated and aggrieved in New York during a portion of the events giving rise to this action, including present unmitigated harm occurring in this district, making venue proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

4. Venue is proper in this Court because the injury to Plaintiff occurred and is occurring, in the County of Westchester State of New York

## THE PARTIES

5. Plaintiff, Susan Skipp (Tittle) resides in Bedford New York.

6. Defendant, Mary Brigham is a licensed attorney in the State of Connecticut and member of the local Bar Associations

7. Upon information and belief, Defendant is an individual who maintains her primary place of residence in Litchfield Connecticut .

8. Upon information and belief, Defendant, Tittle is a physician doing business in HArrsi County Texas as well as resides there.

9. The true names and capacities of the defendants named herein as DOES 1 through 50, inclusive, are unknown to Plaintiff at the present time, and Plaintiff therefore sues such defendants by such fictitious name. Plaintiff will, if necessary, amend this Complaint to allege the true names and capacities of said defendants when ascertained. Plaintiff is informed and believes and, thereon alleges, that each of the defendants is responsible in some manner for the occurrences and damages alleged herein.

10. Plaintiff is informed and believes and, on that basis alleges, that at all times herein mentioned, each defendant was acting for himself and/ or itself, individually, and as the

3

agent, employee, representative, partner and co- conspirator of each of the other defendants, individually and collectively, and in undertaking the acts, conduct, transactions and contracts herein alleged, each of the defendants was acting on its own behalf, and on behalf of the other defendants in the course and scope of such agency, employment, representation, partnership and conspiracy. Plaintiff is informed and believes, and on that basis alleges, that each defendant authorized, approved, and ratified each and every act, transaction and contract undertaken by each other defendant, and each and every act, transaction and occurrence undertaken by each defendant was perpetrated in furtherance of defendants' agency, employment, representation, partnership, and conspiracy with each other defendant.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

11. Plaintiffs dissolution by agreement was adjudicated on March 28, 2011..

12. Judgment of dissolution after uncontested hearing at the Superior Court of Connecticut, Judicial District of Waterbury at Waterbury on March 28, 2011 (Cutsumpas, J). On that date, the court made a 28-page separation agreement and two parenting plan agreements orders of the court, incorporating same into its final judgment. Orders entered that date as final judgment and the marriage of the parties was thereby dissolved on March 28, 2011.

Among the orders entered on that date were those pertaining to custody of two minor children, ages 11 and 9. The parties shared joint legal custody, but primary residential custody was ordered with the

defendant mother (petitioner), with limited visitation with the plaintiff father (respondent).

13. On May 8, 2011, the Defendat Tittle was arrested and charged with driving under the influence ("DUI") and evading responsibility.

14. Also later in This same Month defendants Tittle was issued a TRO. Of which Defendants did not comply with weapons surrender. Weapons were the responsibility of obtaining serial numbers and making sure the weapons were safely stored per statute as the children had access to them.

15. In September, 2011, nearly six months after final orders entered and following a 5-day hearing during which petitioner had no legal representation, defendants Tittle AND BRIGHAM filed motions to (Resha, J) significantly modify the terms of final judgment orders, pending the outcome of a child custody study. The plaintiff never gave permission to open her dissolution for agreement,

16. It is noteworthy that the Trial Court did not re-appoint the guardian ad litem post judgment, yet said defendant Brigham inserted herself into the post judgment controversy even though significant conflicts of interest had become known, and where the petitioner had challenged the exorbitant fees claimed as due and owing by the guardian (Atty. Mary Piscatelli Brigham). The financial challenge, exclusive to the plaintiff mother, served as yet one more conflict of interest as to the objective role of a self-appointed guardian making child custody recommendations. Ms. Brigham

5

contended that she was the most capable of advocating the children's best interest as she raised and knew them as the father worked 80 hour work weeks and other activities that took him from family time.

17. On December 28, 2011, the Trial Court (Resha, J), following a motion filed by the self-appointed guardian ad litem – defendant Ms. Brigham (#229.00, filed 12/19/2011), made further modifications to the physical custody of the parties two minor children. (Even legally appointed Guardians cannot file papers according to case law in Connecticut.) This was to the benefit of the father.

18. Also on this date Mary Brigham provided false statements in court that Plaintiff was some how responsible for his loss of job. Defendant Tittle also stated this as well. NO documents or witnesses to support this statement were ever made. The Court made a find on the fraud presented by Brigham and Tittle that somehow the plaintiff was responsible for a job termination in December 2011, despite defendant Tittle's setting up of his own private practice in May 2011.

19. Defendants Brigham and Tittle made allegations to the court that Plaintiff was vindictive, crazy and bizarre. Defendant Tittle, a physician stated that plaintiff was mentally ill. Mary Brigham stated this many times as well over the course of years.

20. Because of these allegations, the Petitioner received supervised access to the children contingent upon compliance with orders that were both infringements of her fundamental rights, and economically prohibitive in light of modification to

other orders that had effectively terminated her spousal support and child support nearly a year prior based on the fraud brought on the court my Defendants.

21. The October 16, 2012 these unlaand by defacto, terminated the petitioner's ability to have a relationship with the children, a mother who has now gone nearly without being able to see her two young children and the children unable to maintain a relationship with their mother. For almost 2000 days, the plaintiff has no hugged cared for her children. At no point was the mother found to abuse, neglect, have abandoned the children or any type of parental unfitness.

22. Ms. Brigham retaliated against Plaintiff and unethically used confidential information about Plaintiff that she had shared with Defendant in her initial consultation including information pertinent to her personal and legal position.

23. Following the divorce in March 2011 Ms. _Brigham together with, and as counsel for Shawn Tittle ensued on malicious and abusive litigation tactics using the courts and procedures in family court as a form of domestic violence by proxy and child custody modification as a means to perpetuate the domestic violence that began during the marriage.

24. In May 2011 Tittle was ordered to surrender weapons by State court of Connecticut, an associative factor to abusive personalities.

25. Nonetheless, Ms. Brigham proceeded to litigate against Plaintiff and devised a plan to re-allocate custody from Plaintiff to Titttle based on false representations and schemes to frame Plaintiff in a false light.

7

26. Plaintiff was diagnosed with Post Traumatic Stress Disorder in 2012, this injury and permanent disability given to her by the collective actions of Shawn Tittle and Mary Brigham

27. Defendants have had ex parte communications with court appointed evaluators, therapist, school counselors and Judges with an intention to unduly influence and bias them against Plaintiff.

## FIRST CAUSE OF ACTION

### (Malicious Prosecution as to all Defendants)

28. Plaintiff re-alleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

29. Defendants instigated to bring legal proceeding against Plaintiff for Modification of Custody and false claims of contempt by filing motions.

30. Defendant Brigham who is not a party to the case or legal representative of any parties of the case filed 35 motions, two of which were custody modifications.

31. The underlying custody rights of the Plaintiff and her former husband were concluded and adjudicated in March 28, 2011

32. The Plaintiff and minor children's father were awarded joint legal custody. Plaintiff remained residential parent and Father was awarded liberal visitation. The case was concluded with a bona fide result for both parents.

33. Without probable cause, and without considering the welfare of the minor children and the Plaintiff, Defendants initiated proceedings to modify custody and contempt proceedings against Plaintiff - just a beginning 4 months after the dissolution agreement

34. Defendants were without probable cause to file the modification and contempt proceedings for these and other reasons:

   a) There is an absolute privilege on the part of a citizen to make a complaint against a member of the bar; b) a reasonable lawyer would not have regarded the claims against the plaintiffs to be tenable; c) Defendants either committed fraud on the court and perjured themselves, or unreasonably neglected to investigate the law and the facts before deciding to proceed against Plaintiff; d) Defendants' did not have any reasonable or honest belief that Titttle had a tenable claim against Plaintiff for contempt or that the minor children's best interests were at stake.

45. Defendants acted with actual and/or implied malice in filing and continuing to file the Modification for custody and all filings with allegations of Plaintiff's alleged contempt.

46. Defendants' initiation of the proceedings for modification and contempt resulted in severe damage to the Plaintiff's personal life and professional life.

47. Therefore, as a direct result of Defendants' actions, Plaintiff has suffered and continues to suffer substantial damages, including without limitation the loss of time with her children, loss of right to parent her children, monetary and compensatory damages, lost wages, money to defend herself in the post decree proceedings, lost business opportunities, diminished quality of life, lost profits, a significantly diminished quality of life being absent traditions with her children, and past and future special damages and past and future general damages in an amount according to proof at trial.

## SECOND CAUSE OF ACTION

**(Conspiracy To Commit Malicious Prosecution – Against All Defendants)**

48. Plaintiff re-alleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in

full.

49. Defendants shared the common purpose to illegally and unjustifiably engage in malicious prosecution of the Plaintiff.

50. Defendants joined together and used their power to maliciously prosecute Plaintiff by intentional and unjustifiable means.

51. Defendants took these actions against Plaintiff for the purpose of accomplishing the underlying tort of malicious prosecution.

52. Defendants' conspiracy resulted in the malicious prosecution of plaintiff by commencement and continuation of the underlying custody modification litigation and contempt proceedings.

53. Defendant's initiation and continuation of the underlying custody modification litigation and contempt proceedings damaged Plaintiff.

54. Plaintiff has been injured by the actions of the Defendants.

55. Most recent interaction with Defendant Brigham August 10, 2017 Waterbury Superior Court. Defendant Brigham volunteered a statement "your kids are doing fine" sarcastically only to inflict further emotional pain on to plaintiff who has not seen or spoken to her children nearly 6 years by this date. July 16, 2016 defendant Tittle came to Defendants civil action and is clear indication of collusion between defendants

56. As a further result of Defendants' actions, Plaintiff has suffered and continues to suffer substantial damages, including without limitation the loss of time with her children, loss of right to parent her children, monetary and compensatory damages, lost wages, money to defend herself in the post decree proceedings, lost business opportunities, lost profits, and past and future special damages and past and future general damages in an amount according to proof at trial.

## THIRD CAUSE OF ACTION

### (Abuse of Process – Against All Defendants)

57. Plaintiff re-alleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

58. Defendants instigated and continued the underlying custody litigation in bad faith and for purposes of interfering with custodial rights and parental rights, to extort or coerce other concessions from Plaintiff, and to damage Plaintiff's relationship with her minor children.

59. After the proceedings were wrongly instigated, Defendants lied and threatened to file false reports, manufactured evidence, and otherwise carried on a pattern of wrongful, harassing, and threatening misconduct.

60. Defendants' use of civil court proceedings for purposes of denying and or interfering with Plaintiffs rights with regard to her children was illegal, improper and perverted use of the judicial process.

61. Defendants' initiation and continuation of the civil proceeding for custody modification and contempt, has damaged Plaintiff.

62. Plaintiff has been injured by the unlawful and unethical actions of Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants for damages costs, and such other relief the court deems proper.

## FOURTH CAUSE OF ACTION

### (Fraud and Misrepresentation – Against All Defendants)

63. Plaintiff re-alleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in

11

full.

64. Defendant Brigham had a duty to Plaintiff, the minor child, as well as a fiduciary duty to the Court to provide full disclosure of the facts pertinent to the best interests of the minor children.

65. During contempt trial in 2012, on her own motion, that she is not allowed to file, Ms. Brigham represented to the Court that Plaintiff did not sign a voluntary HIPAA form release and that is a contemptuous act to be punished. Defendant Brigham and Shawn Tittle who is a physician had the information regarding rules and regulations of HIPAA.

66. Ms. Brigham knowingly proffered perjured testimony to represent that Plaintiff had contract with the defendant.

67. Defendant failed to disclose and purposefully omitted important facts that should have been documented for the Court as required under the ABA Model Rules as well as the Connecticut Rules of Court.

68. Defendant tortious conduct was done to intentionally deceive the Court to directly impact the Court's ruling to reallocate custody of the minor children.

69. As a direct result of Defendant's deliberate fraud and misrepresentations and fabrication of evidence pertaining to the minor children and their best interests, the court reallocated custody of the minor children to Tittle and deemed Plaintiff to have "alienation" and undiagnosed mental health issue, despite testimony from Plaintiffs treating Physician about her disability caused by the defendants. thereby severing all contact with her minor children and ordering her to comply with therapy and pay cash to business associates to the sum of $2,350.00 per month for three hours supervised access to the children.

70. The children and Plaintiff have not had contact since October 15, 2012. This

12

## FIFTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress – Against all Defendants)**

71. Plaintiff re alleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

72. Defendants' conduct as described above, was extreme and outrageous and beyond the bounds of decency tolerated in a civilized society.

73. Defendants' conduct was intended to cause Plaintiff emotional distress and Defendants acted with reckless disregard to the probability that Plaintiff would suffer emotional distress.

74. Defendants ignored and omitted that Plaintiff is diagnosed with Post traumatic stress disorder and her rights of privacy are protected under Americans with disabilities act and HIPAA.

75. Defendants insists on holding the minor children hostage and resort to other tactics of coercion and intimidation to force the release and disclosure of Plaintiff's medical information.

76. Plaintiff suffers severe emotional distress as a result of Defendants' tortious conduct.

77. Defendants' malicious prosecution, fraud and abuse of law, is a substantial factor in causing Plaintiff's severe emotional distress.

78. As a direct and proximate cause of the tortious, unlawful, and wrongful acts and omissions of Defendants Brigham and Tittle, Plaintiff has suffered past and future special damages and past and future general damages in an amount according to proof at trial.

79. Plaintiff has been damaged emotionally and financially, including but not limited to emotional suffering from emotional distress and ridicule, as well as loss of income,

employment, career benefits, damage to her relationships and years of precious time with her children.

80. In engaging in the conduct as hereinabove alleged, Defendants Brigham and Tittle acted with malice, fraud, and oppression and/or in conscious disregard of Plaintiff's health, rights, and the minor children's well-being, and intended to subject Plaintiff and her family to unjust hardship, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendant and deter others from engaging in similar misconduct. The physical, mental, and emotional anguish suffered by Plaintiff, the minor children and her family, as a direct and proximate result of Defendants' tortious conduct is that which no ordinary person in a civilized society could be expected to endure.

## SIXTH CAUSE OF ACTION

### (Defamation, libel and slander)

81. Plaintiff re alleges and incorporates as if fully stated herein each and every allegation contained above and incorporates the same herein by this reference as though set forth in full.

82. Plaintiff has worked as educator enjoyed good reputation both at work in her perfession.

83. Defendants have published false statements made to third parties about Plaintiff shedding her in a false light and damaging her good name and reputation to the community.

84. Defendants intentionally and maliciously published, and continues to publish, false oral statements with the purpose of harming Plaintiff's reputation and good name, and to impair Plaintiff's ability to obtain steady employment in the field of education.

85. Defendants made these false statements in an attempt to punish Plaintiff and to gain leverage in custody modification proceedings and contempt proceedings.

86. Defendants intentionally and maliciously published, and continues to publish, false oral

statements with the purpose of harming Plaintiff's reputation and good name, and to impair Plaintiff's ability to obtain future employment in the academic field or hospital in the United States.

87. By continuing to make false defamatory statements about Plaintiff to a large number of individuals known to Plaintiff, Defendants are creating a situation in which the defamation about Plaintiff is becoming public knowledge.

88. Defendants false defamatory statements have placed, and continue to place, Plaintiff in a false light that is highly offensive to a reasonable person.

89. Defendants knew or, or acted in reckless disregard as to the falsity of the statements and the false light in which they placed Plaintiff.

90. Defendants made these false statements with the knowledge that these statements were false and/or with reckless disregard for the truth or falsity of such statement.

91. Defendants made these false statements in an attempt to gain an edge and leverage his position in her clients' custody modification proceedings.

92. Defendants did not care whether the statements were true as long as they harmed Plaintiff's reputation and good name.

93. Defendants' lies did, in fact, harm Plaintiff's reputation by misleading others that she was neglectful, contemptuous and abusive mother.

94. As a direct and proximate result of Defendants' tortious conduct Plaintiff has suffered and continues to suffer economic hardship, lost wages, legal fees, court costs, and continuing irreparable harm to her relationship with the minor children.

### SEVENTH CAUSE OF ACTION

**(Loss of Consortium and Interference with Parental Rights)**

95. Plaintiff incorporates the allegations contained in paragraphs 1 through 95 of the

complaint as if fully rewritten.

96. As a direct consequence of the above-mentioned conduct Defendant's described herein, Plaintiff has been deprived of the normal companionship, company, affection, regard, assistance, comfort, relationship and emotional stability of her children

97. These physical, financial and emotional consequences caused by the Defendant's conduct have negatively impacted the quality of and caused undue hardship to the parent- child relationship.

98. Plaintiff continues to be denied the any and full enjoyment of her mother- child relationship and as her role as a mother and parent to her two minor children, since September 2011.

99. The injuries to Plaintiff have been compounded by the malicious prosecution, fraud, deceit and misrepresentations made by Defendants in their failure to conduct itself in a manner consistent with the laws and regulations mandated by the State of Connecticut.

100. Plaintiff has suffered special and general damages in an amount to be proven at trial.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ms. Skipp prays for judgment as follows:

1. For damages in excess of $2000.000, in an amount to be proven at trial;
2. For punitive and exemplary damages as allowed by law;
3. For permanent injunctive relief;
4. For legal fees and costs as allowed by law;
5. For such other and further relief as the Court may deem just and proper.

Dated, January 18, 2018                                     Respectfully submitted,

*[signature]*

Susan Skipp (Titttle)

40 Village Green 219

Bedford New York 10506

Susanskipp@gmail.com

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial in this matter.

## **CERTIFICATION AND CLOSING**

By signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of the Federal Civil Rules of Court.

Dated, Jan 19 2018

Respectfully submitted,

Susan Skipp (Titttle)

40 Village Green 219

Bedford New York 10506

Susanskipp@gmail.com



PRIORITY MAIL*

* DATE OF DELIVERY SPECIFIED*
* USPS TRACKING™ INCLUDED*
* INSURANCE INCLUDED*
* PICKUP AVAILABLE
  * Domestic only

Expected Delivery Day: 01/26/2018

USPS TRACKING NUMBER

9505 5100 5064 8024 3094 13

EP14F July 2013
OD: 12.5 x 9.5

S0000100014


UNITED STATES POSTAL SERVICE®

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

2018 JAN 25  PM 3:40

FROM:
L.F.
9811 W. Charleston Blvd
Las Vegas, NV

TO:
Pro Se Unit
Southern District of New York
500 Pearl St.
Room 200
New York, NY - 10007.

USMP3
SDNY


1006


10007

U.S. POSTAGE
PAID
LAS VEGAS, NV
89134
JAN 24, 18
AMOUNT
$6.70
R2305H130937-12

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013. All rights reserved.

PRESS FIRMLY TO SEAL